**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO**

**WESTERN DIVISION**

CARMEN GRACIELA GUERRERO SANDOVAL ex rel        Case No.

CDBG, a minor child

And,

UNBORN CHILD

2525 Bridgestone Drive

Columbus, Ohio 43219-7339

Petitioners


v.

PAM BONDI,

UNITED STATES ATTORNEY GENERAL

Department of Justice

950 Pennsylvania Avenue N. W.

Washington, D. C. 20530-0004

and

KRISTI NOEM

SECRETARY  DEPARTMENT OF HOMELAND SECURITY

245 Murray Lane

Washington, D. C. 20528                    **FIRST AMMENDED**

    Respondents                    **COMPLAINT**

Petitioners, CDBG and Unborn Child of Carmen Graciela Guerrero Sandoval, bring this action through their mother Carmen Graciela Guerrero Sandoval as their next friend and guardian and through their attorney state as follows:

### I. Jurisdictional Statement

#### Parties

1. This Court has original jurisdiction over this Complaint pursuant to 28 U. S. C. §2201 – 2202 and 28 U. S. C. §1331, 28 U.S.C. §1367, 28 U.S.C. §§ Chap. 171, 28 U.S.C. §§ 1346, 1402, 2401, 2671 – 2680, 5 U.S.C. §§551 - 559 and 5 U. S. C. §702 and 28 U.S.C. ince the Immigration Court at Cleveland, Ohio has ordered that Petitioners' mother, Carmen Graciela Guerrero Sandoval be given over to the custody of the Department of Homeland Security and is in imminent danger of being removed from the United States on Tuesday, June 3, 2025. *See, Hamdi v. Napolitano,* 620 F. 3d 615 (6th Cir. 2010), and violates the Due Process Clause of the Fifth and Fourteenth Amendments, the Equal Protection Clause, the Eighth Amendment, the Ninth Amendment, the Tenth Amendment and international treaties of which the United States is a signatory: The Universal Declaration of Human Rights, UNGA, Resolution 217 (III), 10 Dec., 1948, International Covenant on Economic, Social and Cultural Rights, UNGA Res. 220A (XXI), 16 Dec. 1966 (IESCR), Universal Declaration Art. 12 ECHR, Convention on the Rights of the Child, 1989 UNGA Res. 44/25, 20 Dec. 1989, Arts. 9 and 16. Plaintiffs are United States citizens residing at Columbus, Ohio .

#### II. Parties

2. Plaintiff CDBG is a United States citizen and is nine years of age,

3. Plaintiff is a child due to be born on or about October, 2025 and will be a United States citizen.

4. Defendant, Kristi Noem is the head of the Department of Homeland Security which is responsible for the removal of aliens from the United States.,

5. Defendant Pam Bondi is the head of the Department of Justice which includes as an agency under its supervision, the Cleveland Immigration Court,

### III. Cause of Action

6. Plaintiffs' mother, is currently ordered to report to Immigration and Customs Enforcement (ICE), an agency of the Department of Homeland Security and will be removed from the United States pursuant to order of the Immigration Court at Cleveland, Ohio on Tuesday, June 3, 2025,

7. ICE has been taking Hispanic individuals, such as the mother of the Plaintiffs, into custody at these scheduled check-in dates, without notice,

8. Plaintiffs' mother is the primary financial support of the Plaintiffs,

9. Plaintiffs' mother is a citizen of El Salvador and is in danger of being removed from the United States,

**1. Claim of CDBG:**

10. Plaintiff CDBG has been assessed by his school, Columbus City Schools, on April 28, 2025 to be eligible for special education under the Ohio Administrative Code 3301-51-01(B)(10) and OAC 3301-51-06 due to autism,

11. There are no comparable special education facilities in El Salvador,

12. The removal of the Plaintiffs' mother constitutes a form of cruel and unusual punishment for the Plaintiffs,

13. The separation of the Plaintiffs from their mother will deprive CDBG of the continued love, affection, care and financial support of his mother in violation of the Ninth Amendment to the United States Constitution and without due process of law for this Plaintiff,

14. The separation of the Plaintiff from his mother through removal treats this child differently from other U. S. Citizen children in the State of Ohio since the standard relating to children in domestic and juvenile law in the State of Ohio is that of the best interest of the child and thus is violative of the Equal Protection Clause,

15. 28 U.S.C. 1346(b)(1) states,

    Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

16. The separation of CDBG from his mother is an intentional interference in the familial relationship between a child and his mother and constitutes an intentional tort under Ohio law, *Gallimore v. Childrens' Hospital Medical Center, 67 Ohio St. 3d 244 (1993),*

17. The separation of the Plaintiffs from their mother violates the principles of international treaties of which the United States is a signatory: The Universal Declaration of Human Rights, UNGA, Resolution 217 (III), 10 Dec., 1948, International Covenant on

Economic, Social and Cultural Rights, UNGA Res. 220A (XXI), 16 Dec. 1966 (IESCR), Universal Declaration Art. 12 ECHR, Convention on the Rights of the Child, 1989 UNGA Res. 44/25, 20 Dec. 1989, Arts. 9 and 16.

18. Exceptions to the provisions of 28 U.S.C. 1346(b) are given in 28 U.S.C . 2680 and include,

Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

19. Whether or not to violate constitutional and statutory law is not discretionary,

20. An act violative of constitutional or statutory law does not exhibit due care,

**Claims of the Unborn Child:**

21. The Fourteenth Amendment to the United States Constitution states in part,

Section 1

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

22.

23. In Ohio, a viable fetus is a person, *Perriman v. Univ. Hosp. Health Syst.,* 2019-Ohio-1673.

24. As of this date of filing, President Trump's order on birthright citizenship has been stayed and oral argument on this issue occurred on May 15, 2025 and a decision is expected by the end of the Supreme Court's term in June or July, 2025,

25. To Counsel's knowledge, it has never been determined if an unborn child has standing to challenge an executive order of the President of the United States,

26. If such order constitutes an agency rule, then the APA has not been followed or satisfied,

**Ohio State Claims:**

27. Interference with familial relationships is a tort in Ohio,

28. Plaintiffs' mother is not being accused of a crime,

29. The Defendants are interfering as outlined herein with their familial relations as recognized under Ohio law,

30. Plaintiffs request this Court to exercise its supplemental jurisdiction over their state tort claims,

**Declaratory Judgment:**

31. 28 U. S. C. §2201 states in pertinent part:

   …any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. ..

32. 28 **U. S. C. §2202** states,

   Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

33. In its previous decision in *Hamdi v. Napolitano,* 3:09- CV 0030, this Court stated that it lacked jurisdiction over such actions. The Sixth Circuit in *Hamdi, supra* found that this Court did have jurisdiction over actions such as this present action, but found it lacked the authority to fashion a remedy. However, this is in error.

Authority over naturalization is given to Congress under Art. I, Sec. 8, cl. 14 of the United States Constitution. Exclusive authority over the District of Columbia is granted by Art. I, Sec. 8, cl. 17 of the United States Constitution. All municipal powers of any description are with Congress. *Pollard v. Hagan*, 44 U. S. 22 (1845), *District of Columbia v. Bailey*, 171 U. S. 161 (1898), *Palmore v. United States,* 411 U. S. 389 (1973). Nonetheless, the District Court of the District of Columbia ordered the District of Columbia to de-segregate its schools and offered possible remedies to the District, i.e. Congress, a separate branch of government, to implement its order. *See, Hobson v. Hansen*, 327 F. Supp. 844 (1967). Congress, which had exclusive authority under Art. I, Sec. 8, like its authority over naturalization, was provided *by the court* with a list of possible remedies *which the court intended to order and enforce.*

Thus, this Court can both declare rights and offer remedies which it can order and enforce even considering Art. I, Sec. 8.

WHEREFORE, Plaintiffs request this Court to declare the removal of their mother contrary to law and to stay or issue an injunction against the summary removal of their mother and declare 8 U. S. C. §§ 1182, 1225(b)(1)(A), 1227(a)(1)(B), 1228, 1231, 1326 unconstitutional as applied to Plaintiff's mother as violative of their Constitutional and statutory rights as enumerated herein, or any other remedy this Court may fashion.

Respectfully submitted,

s/ George A. Katchmer

GEORGE A. KATCHMER

Attorney at Law

1886 Brock Road N.E.

Bloomingburg, Ohio 43106

740-437-6071

740-437-6077

Attorney for Plaintiffs