UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CARMEN GRACIELA GUERRERO SANDOVAL ex rel. CDBG, a minor child,** *et al.***,**

       **Plaintiffs,**

       v.

**PAM BONDI,** *et al.***,**

       **Defendants.**

Case No. 2:25-cv-559
Judge Edmund A. Sargus, Jr.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on a Motion for a Temporary Restraining Order ("TRO") filed by Plaintiffs Carmen Graciela Guerrero Sandoval ex rel CDBG, Ms. Guerrero Sandoval's minor child, and "Unborn Child," with whom Ms. Guerrero Sandoval is pregnant. (ECF No. 2.) Because this Court cannot grant the relief requested under federal law and Sixth Circuit precedent, the Motion for a TRO is **DENIED.** (ECF No. 2.)

## BACKGROUND

This case involves a recurring and sad set of facts. A nine-year-old child born in the United States is a citizen by virtue of the Fourteenth Amendment to the United States Constitution. The mother is not, and she may face deportation. Although the full facts surrounding Ms. Guerrero Sandoval's potential deportation are unclear at this point, the situation no doubt brings stress and potential harm to her family. But federal law and Sixth Circuit precedent are clear that this Court cannot issue an order blocking the potential deportation based on the rights asserted here.

Ms. Guerrero Sandoval is a citizen of El Salvador who lives in Columbus, Ohio with her nine-year-old child, CDBG. (ECF No. 5, ¶¶ 1, 9.) She is pregnant with another child, who is due

to be born in October 2025. (*Id.* ¶ 3.) CDBG is a United States citizen who has been deemed eligible for special education services due to autism by Columbus City Schools. (*Id.* ¶¶ 2, 10.)

I. **Complaint and Status Conference**

On May 19, 2025, Ms. Guerrero Sandoval filed a Complaint on behalf of CDBG and her unborn child ("Plaintiffs") against Pam Bondi, Attorney General of the United States, and Kristi Noem, United States Secretary of Homeland Security. (ECF No. 1.) Contemporaneous with the Complaint, Plaintiffs filed the Motion for a TRO. (ECF No. 2.) The Court held an initial telephone status conference regarding the Motion for a TRO on May 22, 2025 under Rule 65.1 of the Southern District of Ohio Civil Rules. (ECF Nos. 3, 6.) Plaintiffs filed an Amended Complaint on May 22, 2025, just before the conference. (ECF No. 5.)

Plaintiffs state that the Immigration Court in Cleveland, Ohio has ordered Ms. Guerrero Sandoval to report to United States Immigration and Customs Enforcement ("ICE") on June 3, 2025, and that she "will be removed from the United States pursuant to an order of the Immigration Court." (*Id.* ¶ 6.) At the status conference, Plaintiffs' counsel represented that Ms. Guerrero Sandoval has appealed the Immigration Court's order to the Board of Immigration Appeals ("BIA"). Counsel for Defendants, who was added to this case on May 20, 2025, could not confirm the status of the Immigration Court order or the appeal to the BIA. (ECF No. 4.) Plaintiffs did not provide a case name or number for those proceedings.

In this lawsuit, which is separate from the adjudication of Ms. Guerrero Sandoval's immigration status and her appeal to the BIA, CDBG argues that the potential deportation of Ms. Guerrero Sandoval implicates several of his constitutional rights. (ECF No. 5, ¶¶ 10–20.) First, he claims the deportation constitutes cruel and unusual punishment, in violation of the Eight Amendment to the United States Constitution. (*Id.* ¶ 12.) Second, he claims the separation from

2

his mother will deprive him of her "continued love, affection, care and financial support in violation of the Ninth Amendment" and "without due process of law." (*Id.* ¶ 13.) Third, he raises an equal protection claim because he is being treated "differently from other U.S. Citizen children." (*Id.* ¶ 14.) Without elaborating, he also claims that his mother's potential removal violates his due process rights under the Fifth and Fourteenth Amendments and violates the Tenth Amendment. (*Id.* ¶ 1.)

Additionally, CDBG argues that the separation from his mother constitutes an intentional tort under Ohio law (*id.* ¶¶ 16, 27–30) and violates international treaties including the Universal Declaration of Human Rights, the International Covenant on Economic, Social, and Cultural Rights, and the Convention on the Rights of the Child (*id.* ¶ 17).

Ms. Guerrero Sandoval also brings a claim for relief on behalf of her unborn child, but Plaintiffs do not articulate the nature of the claim. (*Id.* ¶¶ 21–26.) Plaintiffs recite the Fourteenth Amendment and state that the U.S. Supreme Court has heard arguments regarding "President Trump's order on birthright citizenship." (*Id.* ¶¶ 21–24.) They add "it has never been determined if an unborn child has standing to challenge an executive order" and "[i]f such order constitutes an agency rule, then the APA," presumably the Administrative Procedure Act, "has not been followed or satisfied." (*Id.* ¶¶ 25–26.) Plaintiffs also cite the Federal Tort Claims Act. (*Id.* ¶ 18.)

Ultimately, Plaintiffs seek a declaration that various federal immigration statutes are unconstitutional as applied to Ms. Guerrero Sandoval because they violate Plaintiffs' constitutional rights. (*Id.* PageID 29.) They also seek a stay or injunction against the summary removal of Ms. Guerrero Sandoval. (*Id.*)

## II.  Motion for a Temporary Restraining Order

Contemporaneous with the Complaint, Plaintiffs filed the Motion for a TRO on behalf of

CDBG and her unborn child. (ECF No. 2.) The full text of the Motion states:

> Petitioners [CDBG] and an UNBORN CHILD MOVE THIS Court for an Order in this matter restraining the Department of Justice and the Department of Homeland Security from removing their mother . . . from the United States until a disposition in his Complaint for Declaratory Judgment has been filed. Their mother is in imminent danger of being removed from the United States and the Plaintiffs herein will suffer damage as stated in his Complaint with no further meaningful recourse. WHEREFORE, Plaintiffs request this Court to order the Defendants to cease any and all activity to summarily remove their mother from the United States until the disposition of their Complaint for Declaratory Judgment has been completed.

(ECF No. 2, PageID 8–9.) In sum, Plaintiffs ask this Court to block the removal of Ms. Guerrero Sandoval based on alleged constitutional violations to CDBG and her unborn child that may result from her deportation.

## LEGAL STANDARD

The purpose of a temporary restraining order "is to preserve the status quo so that a reasoned resolution of a dispute may be had." *Procter & Gamble Co. v. Bankers Tr. Co.*, 78 F.3d 219, 227 (6th Cir. 1996). In determining whether to grant a temporary restraining order, courts consider four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (per curiam) (en banc) (internal quotation marks omitted); *see Workman v. Bredesen*, 486 F.3d 896, 905 (6th Cir. 2007) (applying these four preliminary injunction factors to the court's review of a temporary restraining order).

"These factors are not prerequisites which must be met but are interrelated considerations that must be balanced together." *Ne. Ohio Coal. For Homeless & Serv. Emps. Int'l Union, Loc. 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006) (quoting *Radioactive Material Users, Inc.*

4

*v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)). "For example, the probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury the movants will suffer." *Id.*

## ANALYSIS

### I. Standing of the Unborn Child

Plaintiffs assert claims on behalf of Ms. Guerrero Sandoval, stating that "it has never been determined if an unborn child has standing to challenge an executive order." (ECF No. 5, ¶ 25.) This Court need not determine whether the unborn child has standing to bring claims here because, even assuming so, the Court has jurisdiction over CDBG's claims as discussed below, and the relief requested by both is precluded under federal law.

### II. Rule 65 Procedural Requirements

Plaintiffs certify that a copy of the Motion for a TRO was served electronically on Defendants the day it was filed in this Court. (ECF No. 2, PageID 9.) Counsel for Defendants has entered an appearance and participated in the Local Rule 65.1 status conference. The Court assumes without deciding that Defendants have received written or oral notice of the Motion and that the procedural requirements of Rule 65(b) are met. *See* Fed. R. Civ. P. 65(b)(1).

### III. TRO Factors

As acknowledged in the Complaint, Plaintiffs are aware of the main roadblock to the potential for relief: under Sixth Circuit precedent and federal law, this Court cannot grant a stay or injunction halting Ms. Guerrero Sandoval's removal order. (*See* ECF No. 5, ¶ 33.) Nonetheless, Plaintiffs seek to challenge binding Sixth Circuit precedent that preclude this Court from granting the requested relief. (*Id.*) Accordingly, for the reasons explained further below, Plaintiffs are highly unlikely to succeed on the merits of their claims.

### A. Likelihood of Success on the Merits

Generally, under 8 U.S.C. § 1252(g), federal courts do not have jurisdiction "to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g); *see Cooper Butt ex rel. Q.T.R. v. Barr*, 954 F.3d 901, 909 (6th Cir. 2020) (noting that § 1252(g) "strips federal courts of jurisdiction" over such matters). Federal law does provide for courts of appeals to review cases decided by Board of Immigration Appeals. 8 U.S.C. § 1252(b)(4).

But the Sixth Circuit has "held that § 1252(g) does not preclude a court from hearing an independent action brought by a citizen child when that child raises her own constitutional rights that are distinct from her parent's rights." *Cooper Butt*, 954 F.3d at 909 (citing *Hamdi ex rel. Hamdi v. Napolitano*, 620 F.3d 615, 620–23 (6th Cir. 2010)). Because Plaintiffs' Complaint brings constitutional claims on behalf of Ms. Guerrero Sandoval's child, CDBG, § 1252(g) does not bar this Court's jurisdiction over the matter under *Hamdi*. This is true even though Plaintiffs' constitutional claims may be frivolous. *Hamdi*, 620 F.3d at 624–25. The Court thus has federal question jurisdiction over this matter under 28 U.S.C. § 1331. *Id.*

Even so, as the Sixth Circuit has made clear, "§ 1252(b)(9) precludes a federal court from reviewing and ultimately canceling the removal of a parent based on the alleged violations of a citizen child's constitutional rights outside of the petition for review" that may be filed with the U.S. Court of Appeals. *Cooper Butt*, 954 F.3d at 907 (citing *Hamdi*, 620 F.3d 615). Under that statute, "'no federal court has the authority to review' [a] Plaintiff's [parent's] order of removal to determine if [the] Plaintiff's constitutional rights might render the order of removal invalid.'" *Id.* (quoting *Hamdi*, 620 F.3d at 628 (citing 8 U.S.C. § 1252(b)(9))). Additionally, the Sixth Circuit

6

has rejected attempts by plaintiffs "to navigate around Congress's intent to channel judicial review of order of removal into the petition for review, *see, e.g.* § 1252(a)(5), (b)(9), (g), and around this Court's holding in *Hamdi* by seeking a declaration that [a parent's] removal is unconstitutional rather than seeking to enjoin the removal itself." *Id.* Accordingly, such claims are subject to dismissal for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). *Id.*

Here, Plaintiffs bring constitutional claims, an international treaty-based claim, and a state law intentional tort claim, all relating to Ms. Guerrero Sandoval's pending removal from the United States. The Sixth Circuit's holdings in *Hamdi* and *Cooper Butt* are clear: federal district courts cannot issue a temporary restraining order, injunction, or stay of a removal order of a parent based on a child's challenge to the order based on the potential violation of the child's constitutional rights. Furthermore, even if such relief was possible, the Sixth Circuit has rejected Plaintiffs' constitutional arguments under the Fourth, Fifth, Eighth, Ninth, Tenth, and Fourteenth Amendments. *Cooper Butt*, 954 F.3d at 904, 907–08; *see also Lopez-Mejia v. Lynch*, No. 1:16-CV-549, 2016 WL 2937479, at *4 (S.D. Ohio May 20, 2016) (Black J.) (rejecting similar arguments). "[T]he law is well-settled that lawfully removing a parent from the United States does not deprive a United States citizen child of a constitutional right," and Plaintiff's sparse Amended Complaint and Motion for a TRO do not articulate grounds for departing from that well-settled law. *Id.* at 907.

Additionally, Plaintiffs' international treaty-based claims fail because "none of these treaties create[s] a judicially [] enforceable cause of action." *Id.* at 905. The treaties cited by Plaintiffs in the Complaint "are not self-executing," and Plaintiffs do not explain how these treaties were violated. *Id.* To the extent Plaintiffs attempt to raise claims under the Federal Tort Claims

7

Act and its exceptions, their claims are based on federal agents or agencies violating the constitution, and those claims fail for the reasons explained above. (*See* ECF No. 5, ¶¶ 18–20.)

Last, Plaintiffs do not explain the basis of their state law tort claims under state law. Federal officers are not liable under state law tort claims for following duties imposed by federal law. *See Kansas v. Garcia*, 589 U.S. 191, 202 (2020). Such claims are barred by the Supremacy Clause of the United States Constitution. U.S. Const. art. VI, cl. 2. Thus, even if Plaintiffs could eventually advance a cogent intentional tort claim, this Court still could not issue an order blocking the removal of Ms. Guerrero Sandoval under 8 U.S.C. § 1252(b)(9), as interpreted in *Hamdi* and *Cooper Butt*.

Accordingly, Plaintiffs are highly unlikely to succeed on the merits of their claims. This factor weighs heavily against granting a TRO because the Court is precluded from granting the requested relief.

### B. Other TRO Factors

"To demonstrate irreparable harm, the plaintiffs must show that . . . they will suffer actual and imminent harm rather than harm that is speculative or unsubstantiated." *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006). CDBG faces a potential for irreparable harm if his mother is deported, so this factor would weigh in favor of relief. Although the Court is sympathetic to the challenge presented by Ms. Guerrero Sandoval's potential deportation from the United States, Plaintiffs have not articulated a risk of legal harm upon which this Court can grant injunctive relief.

Additionally, "[s]ociety has a clear interest in enforcing its immigration statutes." *Lopez-Mejia*, 2016 WL 2937479, at *5 (S.D. Ohio May 20, 2016) (citing *Coxcom, Inc. v. Chaffee*, 536 F.3d 101, 112 (1st Cir. 2008) ("[T]he public has an interest in the enforcement of federal statutes.")). There is no direct risk to others from granting the relief requested, but the enforcement

of immigration laws and following federal law and appellate court precedent reinforces the interests of justice, which benefits the public.

The TRO factors weigh heavily against granting an order enjoining the removal order regarding Ms. Guerrero Sandoval because this Court lacks the authority to issue such an order under federal law and Sixth Circuit precedent.

## CONCLUSION

For the reasons stated in this Opinion and Order, the Court **DENIES** Plaintiffs' Motion for a Temporary Restraining Order. (ECF No. 2.)

**IT IS SO ORDERED.**

**5/22/2025**                                                 **s/Edmund A. Sargus, Jr.**
**DATE**                                                          **EDMUND A. SARGUS, JR.**
                                                                            **UNITED STATES DISTRICT JUDGE**